IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David and Sarah Fask,
                                 :

                Appellants   :

                                 :

             v.                    :  No. 17 C.D. 2019

                                 :  Submitted: August 23, 2019

Zoning Hearing Board of        :

the Township of Haverford     :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge

                HONORABLE P. KEVIN BROBSON, Judge

                HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                            FILED: May 12, 2020


        David and Sarah Fask (Appellants) appeal from the December 10, 2018 order of the Court of Common Pleas of Delaware County (trial court), which affirmed the decision of the Zoning Hearing Board (ZHB) of the Township of Haverford (Township) granting Appellants' application for a special exception to operate a professional office within a residential dwelling subject to several conditions. Appellants challenge Condition 2, restricting the hours and days of Dr. Fask's[1] psychology practice hours to 9:00 a.m. through 7:00 p.m. Monday through Friday. Appellants contend that the ZHB abused its discretion by imposing those limitations without evidentiary support. Upon review, we agree, and we reverse the trial court's order.

---

[1] David Fask is a licensed clinical psychologist. Reproduced Record (R.R.) at 16a, 180a.

## Facts/Procedural History

In April 2018, Appellants purchased a single-family home at 15 Brennan Drive, Bryn Mawr, Delaware County, Pennsylvania. R.R. at 4a. There are 39 houses on Brennan Drive, which connects Darby Road and Route 320. *Id.* The property is situated within the Township's R-1 Low-Density Residential District, where professional offices are permitted by special exception. Township of Haverford, Pa., General Legislation/Zoning Code (Code) §182-202(B)(3), R.R. at 23a. A professional office includes "the office of a . . . psychologist . . . who customarily has offices in the dwelling in which such person resides." Code Section 182-106(B), R.R. at 26a.

On March 14, 2018, Appellants filed a special exception application with the ZHB requesting use of their home office as a professional office.[2] R.R. at

---

[2] In relevant part, Section 182-202(B)(3)(c) of the Code sets forth the following nine requirements necessary for approval of a special exception for a professional office:

> (1) Such office shall be located in the dwelling in which the practitioner resides or within a building accessory thereto.
>
> (2) Not more than one person shall be engaged or employed in such practice who is not a resident of the dwelling, except that two members of a recognized profession related by marriage and both residing within said dwelling shall be permitted to practice together.
>
> (3) The area used for the practice of a professional shall not exceed 25% of the total floor area of said dwelling.
>
> (4) The profession shall be clearly incidental to the residential use of the dwelling and shall not change the residential character of a dwelling.
>
> (5) No external alterations inconsistent with the residential use of the dwelling shall be permitted.

**(Footnote continued on next page…)**

16a, 19a. In support, Dr. Fask attached a sworn declaration averring that the proposed use would comply with the Code's requirements for a special exception. R.R. at 46a, 47a. The ZHB considered the application at a public hearing on April 19, 2018. R.R. at 157a.

Mrs. Fask testified that Dr. Fask worked with a private practice in Philadelphia and Lower Merion Township and provided therapy to Haverford College students at the school's Counseling and Psychological Services Center. R.R. at 167a. She stated that Dr. Fask saw clients during the week and on Sunday nights; she added that he anticipated working no more than 40 hours a week, including Sunday evenings. R.R. at 172a, 179a, 182a. Mrs. Fask said that Dr. Fask would schedule one client at a time for appointments lasting 45 to 50 minutes. R.R. at 171a. She explained that with 10 to 15 minutes between appointments, it was likely that only one client would be driving through the neighborhood at a

---

**(continued…)**

> (6) There shall be no displays, goods or materials visible from outside the building, except for a name or a professional office sign as permitted in the sign regulations, § 182-701C, and no professional office shall have any other external evidence of a secondary use.
>
> (7) Professional office uses shall serve not more than one client at any given time.
>
> (8) Three off-street parking spaces, located to the side or rear of the premises, but not in the front yard, shall be required in addition to the single space required for a single-family dwelling.
>
> (9) Professional offices shall not be permitted within a nonconforming multifamily structure.

R.R. at 23a-24a.

3

time. R.R. at 170a-71a. She also confirmed that Dr. Fask would not employ support staff. R.R. at 168a. Additionally, Mrs. Fask presented an appraisal report reflecting that four parking spaces are available at the property, two in the driveway and two in the garage. R.R. at 155a, 172a, 177a.

Mrs. Fask described a psychologist's office as having a confidential and calm atmosphere. R.R. at 175a. She testified that Dr. Fask's practice would operate within a 135-square-foot home office, comprising 3.9 percent of the total dwelling. R.R. at 168a. She also noted that the residence previously had been used as a psychiatrist's office. R.R. at 170a. She stated that Dr. Fask's practice would not be apparent from outside the home and would not detract from the neighbors' enjoyment of their property; no exterior modifications would be made, and no signs would be erected. R.R. at 169a-70a, 175a.

Dr. Fask testified that he specializes in treating adults who are struggling with anxiety, low self-esteem, and inter-personal relationships. R.R. at 180a, 186a. He stated that he did not intend to see clients with severe psychopathology and noted that he was not authorized to prescribe medications. R.R. at 186a-87a.

Victoria Sallee, who also lives on Brennan Drive, expressed concern that Dr. Fask's clients might mistakenly pull into her driveway. R.R. at 188a-89a. She pointed out that Dr. Fask's online professional profile reflects that he treats clients with post-traumatic stress disorder (PTSD) and anger management issues. R.R. at 189a. She also noted that through-traffic from the Darby Road intersection with Brennan Drive is prohibited between 7:00 a.m. and 9:00 a.m. R.R. at 189a-90a.

4

Dr. Eve Atkinson, who lives at 76 Brennan Drive, opined that some Brennan Drive residents are unlawfully running businesses from their homes. R.R. at 196a. She likewise noted that Dr. Fask's website shows that he provides treatment to individuals for trauma, depression, anxiety, phobia, low esteem, anger management concerns, grief, family and relationship issues, and stress. R.R. at 196a. She also cited the prohibition of morning through-traffic at the Darby Road entrance to Brennan Drive, but she acknowledged that the Route 320 entrance to Brennan Drive has no such restrictions. R.R. at 199a.

In closing remarks, Mrs. Fask addressed the neighbors' safety concerns. R.R. at 208a. She explained that Dr. Fask's online profile includes all types of treatment that are provided by the members of his practice. R.R. at 205a. She added that she and Dr. Fask have two small children, and she said that they made the decision to operate a psychology practice within their home with great consideration. R.R. at 208a.

On May 3, 2018, the ZHB voted to approve the application. R.R. at 228a. In its written decision of that same date, the ZHB found and concluded that the special exception, if granted, would not detract from the neighborhood's character, substantially impair the use of adjacent properties, or be detrimental to the public welfare. Conclusion of Law No. 2, R.R. at 233a. In particular, the ZHB found: "Mr. and Mrs. Fask stated that Mr. Fask will only see clients during normal business hours Monday – Friday." ZHB's Finding of Fact 5(i), R.R. at 230a. By order dated May 3, 2018, the ZHB granted the special exception subject to six conditions.[3]

---

[3] The conditions imposed on the special exception are:

**(Footnote continued on next page…)**

On June 4, 2018, Appellants appealed to the trial court, requesting the trial court to strike Condition 2. During oral argument on October 4, 2018, Appellants acknowledged that the ZHB has authority to impose reasonable conditions upon granting a special exception. However, Appellants argued that the condition restricting the days and hours of Dr. Fask's practice was not supported by the evidence.

Appellants further noted that in Finding of Fact 5(i), the ZHB mischaracterized their testimony. Appellants emphasized that in contrast to the ZHB's characterization, Mrs. Fask specifically testified that Dr. Fask currently sees clients on Sunday evenings and would like to continue doing so. R.R. at 182a-85a.

Appellants stressed that the ZHB's imposition of Condition 2 severely restricted clients' access to therapy, explaining that Dr. Fask's current schedule

---

**(continued…)**

> 1. The applicant will maintain at least 2 parking spots for patients' motor vehicles to be kept open at all times on the flat portion of the driveway near the house.
>
> 2. Business hours will be no more than 40 hours per week, Monday through Friday only. No office hours will begin before 9:00 a.m. and no appointments will start after 7:00 p.m.
>
> 3. There will be no employees on site.
>
> 4. There will be no signage on site.
>
> 5. There will be no advertising for trauma, PTSD or drug addiction services.
>
> 6. The approval is subject to the statements made by applicants as set forth in the notes of testimony.

R.R. at 235a.

accommodates clients who need appointments outside their work hours. Appellants maintained that no evidence was offered to establish a necessity for limiting appointment hours. For example, no traffic study was conducted and no other evidence, such as a school bus route passing through Brennan Drive, was presented to support the neighbors' vague safety concerns.

Appellants acknowledged that the traffic sign at the intersection of Darby Road and Brennan Drive prohibits ingress between 7:00 a.m. and 9:00 a.m., but they noted that the alternate entrance to Brennan Drive has no similar restriction. Appellants also noted that the Code allows construction activities in a residential area to begin at 8:00 a.m. Relying on *Van Sciver v. Zoning Board of Adjustment of Philadelphia*, 152 A.2d 717 (Pa. 1959), and *Sabatine v. Zoning Hearing Board of Washington Township,* 651 A.2d 649 (Pa. Cmwlth. 1994), Appellants argued that the ZHB abused its discretion by imposing restrictions on the days and hours of Dr. Fask's practice.

In response, the ZHB conceded that the 9:00 a.m. – 5:00 p.m. time restriction was based on the Darby Road traffic sign prohibiting through-traffic before 9:00 a.m.[4] R.R. at 282a. The ZHB stated that it imposed the weekend prohibition because families and children are more often around on weekends. The ZHB also expressed a desire to preserve the residential character of the neighborhood. R.R. at 283a.

By order dated December 10, 2018, the trial court affirmed the ZHB's decision in its entirety. R.R. at 292a. In doing so, the trial court cited the

---

[4] The trial court observed that the purpose of the sign was to discourage rush hour through-traffic, whereas here, the use would involve one additional car driving down the street every hour, if that. R.R. at 282a-83a.

7

residential nature of the neighborhood and the discretion afforded to the ZHB under the Code. R.R. at 292a.

## Discussion

On appeal to this Court,[5] Appellants argue that the trial court erred in affirming the ZHB's decision insofar as it imposes restrictions on the days and hours of Dr. Fask's practice. Relying on *Van Sciver* and *Sabatine*, Appellants assert that the ZHB abused its discretion by imposing a condition that unreasonably restricts Dr. Fask's practice in the absence of any evidentiary support. We agree.

A special exception is a use expressly permitted by the local zoning code, so long as the proposed use does not have a detrimental effect on the community. *Southdown, Inc. v. Jackson Township Zoning Hearing Board*, 809 A.2d 1059, 1063 (Pa. Cmwlth. 2002). When an applicant shows that the proposed use is compliant with the applicable zoning requirements, the proposed use is presumed to be consistent with the health, safety, and general welfare of the community. *Manor Healthcare Corp. v. Lower Moreland Township Zoning Hearing Board*, 590 A.2d 65, 70 (Pa. Cmwlth. 1991); *Bray v. Zoning Board of Adjustment*, 410 A.2d 909, 911 (Pa. Cmwlth. 1980). The burden then shifts to objectors to present substantial evidence that the proposed use would have a detrimental effect on the health safety and general welfare of the community. *Bray*, 410 A.2d at 912.

---

[5] Where, as here, the trial court did not take any additional evidence, our scope of review is limited to determining whether the ZHB committed an error of law or abused its discretion. *W.J. Menkins Holdings, LLC v. Douglass Township*, 208 A.3d 190, 194 n.11 (Pa. Cmwlth. 2019). "A zoning hearing board abuses its discretion only if its findings are not supported by substantial evidence." *Id.*

8

Substantial evidence means such evidence that a reasonable person would view as adequate to support a conclusion. *River's Edge Funeral Chapel & Crematory, Inc. v. Zoning Hearing Board of Tullytown Borough*, 150 A.3d 132, 142 (Pa. Cmwlth. 2016). This Court has consistently held that mere speculation, inferences, personal opinions, assertions, and conjecture will not suffice as substantial evidence. *See, e.g.*, *Monroe Land Investments v. Zoning Board of Adjustment*, 182 A.3d 1, 9 (Pa. Cmwlth. 2018); *Allegheny Tower Associates, LLC v. City of Scranton Zoning Hearing Board*, 152 A.3d 1118, 1121-22 (Pa. Cmwlth. 2017); *Manor Healthcare Corp.*, 590 A.2d at 71.

In granting a special exception, the ZHB has authority to attach reasonable conditions.[6] However, where there is no evidence in the record to support the imposition of a condition, the condition is considered manifestly unreasonable and an abuse of discretion. *Good v. Zoning Hearing Board of Heidelberg Township*, 967 A.2d 421, 430-31 (Pa. Cmwlth. 2009) ("Conditions must be reasonable and must find support in the record warranting the imposition of such conditions; otherwise, the imposition of conditions constitutes an abuse of discretion.").

---

[6] Section 182-1004(B) of the Code states, in relevant part,

> In granting any variance or special exception, the Board may attach such reasonable conditions and safeguards, in addition to those expressed in this chapter, as it may deem necessary to implement the purposes of the Planning Code and Zoning Ordinance, which conditions and safeguards may relate to but are not limited to the harmonious design of buildings, planting and its maintenance as a sight or sound screen, lighting, noise, safety and the minimizing of noxious, offensive or hazardous elements.

Code Section 182-1004(B).

In *Van Sciver*, the zoning board reviewed a request to allow an unattended, 24-hour laundromat as a permitted use in a commercial district. The zoning board considered the request as a request for a variance, which it granted subject to conditions restricting operation of the business to the hours between 8:00 a.m. and 8:00 p.m. and requiring that someone be on duty during all hours of operation. In its decision, the zoning board concluded that the conditions were necessary to avoid fumes and odors from malfunctioning machines and to prevent unsavory characters from having a place to gather in the early hours of the morning. On appeal, our Supreme Court held that there was no evidence submitted to show that the machines emit fumes and odors or that the proposed use would attract criminal behavior. "It is thus obvious that these findings of fact by the board are arbitrary and not supported by the record. They constituted unsubstantiated prophesies and were based solely on the opinion of the board itself." 152 A.2d at 723. The Court described the imposition of the conditions, unsupported by evidence, as an "unnecessary, unwarranted and unreasonable intermeddling with the applicant's ownership of his property." 152 A.2d at 724.

In *Sabatine*, the local zoning board granted the appellants a special exception to operate a flea market on their property, subject to certain conditions. Relevant here, the zoning board limited the days and hours of operation of the flea market to three days per week from 7:00 a.m. to 2:30 p.m. On appeal, the trial court affirmed the imposition of that condition, reasoning that the use would lead to an increase in traffic, which, in turn, would necessarily have an adverse impact on the surrounding residents' quiet enjoyment of their properties.

On further appeal, this Court found that the record was devoid of evidence reflecting that an increase in traffic flow or noise would be created by

10

allowing the flea market to operate on the property. Relying on *Van Sciver*, we explained in *Sabatine* that any restrictions imposed must be reasonable. 651 A.2d at 655. Citing the lack of evidence that the proposed flea market use would create an abnormal amount of traffic or noise affecting the neighboring properties, we held that the trial court abused its discretion in affirming the restriction and ordered it stricken. *Id.*

In this matter, both the ZHB and the trial court determined that Appellants met their burden to show that the proposed use would comply with the requirements of Code Section 182-202(B)(3)(c). There is no dispute that the ZHB had authority to impose conditions on the grant of the special exception. However, as explained in *Van Sciver* and *Sabatine*, the imposition of conditions must be supported by substantial evidence. We agree with Appellants that the record before the ZHB includes only speculative concerns expressed by neighboring residents that do not suffice as substantial evidence. *Monroe Land Investments*, 182 A.3d at 9. Consequently, the ZHB unreasonably restricted the days and hours of Dr. Fask's practice, and the trial court erred in affirming the ZHB's decision in that regard. *Sabatine*, 651 A.2d at 655.

Accordingly, we affirm the order of the trial court, with the exception of Condition 2, which is stricken.

 

 

 
                                  _____

MICHAEL H. WOJCIK, Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David and Sarah Fask,           :
                                           :
              Appellants  :
                                           :
          v.                    :  No. 17 C.D. 2019
                                           :
Zoning Hearing Board of       :
the Township of Haverford    :

## O R D E R

AND NOW, this 12th day of May, 2020, the order of the Court of Common Pleas of Delaware County, dated December 10, 2018, is AFFIRMED with the exception of Condition 2, which is STRICKEN.

_____
MICHAEL H. WOJCIK, Judge